Daniel C. Green (ISB No.3213)
Heidi Buck Morrison (ISB No. 9396)
RACINE OLSON, PLLP
201 E. Center Street
P.O. Box 1391
Pocatello, Idaho 83204
Phone: (208) 232-6101
Fax: (208) 232-6109
dan@racineolson.com
heidi@racineolson.com

*Attorneys for William L. Horoszko*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>STEPHEN A. DEVEREAUX and KATHERINE C. BLOMQUIST,<br><br>Debtors. | Case No. 24-40069-NGH<br>(Chapter 13) |
| WILLIAM L. HOROSZKO<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN A. DEVEREAUX,<br><br>Defendant. | Adversary Case No. 24-8017-NGH |

**PLAINTIFF'S MOTION FOR LEAVE TO**

**FILE AMENDED ADVERSARY COMPLAINT**

---

Plaintiff William L. Horoszko, by and through his attorney of record, Racine Olson, PLLP, moves this court pursuant to Fed. R. Civ. Pr. 15(a)(2), made applicable by Federal Rule of

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED ADVERSARY COMPLAINT** – Page 1

Bankr. Pr. 7015, for leave to amend his Complaint by filing the proposed Amended Complaint attached hereto as Exhibit A. Attached as Exhibit B is a redline copy of the proposed Amended Complaint showing the changes made in the proposed Amended Complaint from the original Adversary Complaint on file in this case. In support of this Motion, Plaintiff states as follows:

1. Plaintiff filed this Adversary Complaint on June 10, 2024 seeking a determination that Plaintiff's claim is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) because the debt owed by Defendant to Plaintiff was obtained by false pretenses and a false representation by Defendant.

2. On July 11, 2024, Defendant Debtor Steven Deveraux filed a Motion to Dismiss and Memorandum in Support thereof pursuant to Fed. R. Civ. P. 12(b)(6) arguing that (1) Plaintiff failed to plead his claim in accordance with FRCP 9(b) and FRBP 7009; (2) the promise to repay the loan was insufficient to constitute a misrepresentation; and (3) Plaintiff failed to plead facts to show Defendant had "knowledge of the falsity or deceptiveness of his statement or conduct" and "an intent to deceive." [Dkt. 7].

3. No scheduling order has been entered in this case, and therefore no discovery deadline, dispositive motion deadline, or trial date has been set. *See* Dkt.

4. Plaintiff seeks to amend the Adversary Complaint to add additional factual allegations based on the original facts pled to address alleged deficiencies Defendant has highlighted in his Motion to Dismiss. Specifically, the Amended Adversary Complaint will allege additional specific facts detailing the communications and interactions of Plaintiff and Defendant demonstrating that when Defendant sought out the loan from Plaintiff and received the loan proceeds, he had no intent of repaying Plaintiff even though he promised he would and that when he received the loan proceeds from Plaintiff he took the proceeds knowing and

intending that he would never repay Plaintiff. Additionally, Plaintiff's proposed amendments will include additional factual allegations regarding the specificity in time at which Defendant promised to repay the loan and facts detailing Defendant's knowledge of his false statements and intent.

5. Under Federal Rule of Civil Procedure 15, the cases instruct courts to grant leave to amend with "extreme liberality." *e.g. Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), and under the factors identified by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), Plaintiffs' request for leave to amend is proper and should be granted. There is no undue delay as discovery is just beginning in this case. Plaintiff seeks to amend in good faith and does not have any bad faith or dilatory motive. This will be the first amendment by Plaintiff. There is no prejudice to the Defendant, and the amendment is not futile. Therefore, "the leave sought should, as the rules require, be 'freely given.'" *Id*.

DATED this 13th day of August, 2024.

                                      RACINE OLSON, PLLP

                                      By: /s/ Heidi Buck Morrison
                                           HEIDI BUCK MORRISON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of August, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Alexandra O Caval
alex@cavallawoffice.com
R71985@notify.bestcase.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants via U.S. Mail, First-Class, postage prepaid and addressed as follows:

Stephen A Devereaux
509 N Lyndon St
Jerome, ID 83338

/s/ Heidi Buck Morrison
HEIDI BUCK MORRISON

# EXHIBIT A

Daniel C. Green (ISB No.3213)
Heidi Buck Morrison (ISB No. 9396)
RACINE OLSON, PLLP
201 E. Center Street
P.O. Box 1391
Pocatello, Idaho 83204
Phone: (208) 232-6101
Fax: (208) 232-6109
dan@racineolson.com
heidi@racineolson.com

*Attorneys for William L. Horoszko*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>STEPHEN A. DEVEREAUX and KATHERINE C. BLOMQUIST,<br><br>Debtors. | Case No. 24-40069-NGH<br>(Chapter 13) |
| WILLIAM L. HOROSZKO<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN A. DEVEREAUX,<br><br>Defendant. | Adversary Case No. 24-08017-NGH |

**AMENDED ADVERSARY COMPLAINT**

COMES NOW, Plaintiff William L. Horoszko, by and through his attorney of record, Racine Olson, PLLP, and for his cause of action against the above-named Defendant, states and alleges as follows:

**AMENDED ADVERSARY COMPLAINT** – Page 1

## JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) and 11 U.S.C. § 523(a)(2), (4) and (6).

2. This proceeding is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(I).

3. Venue in this District is proper pursuant to 28 U.S.C. § 1408.

## PARTIES

4. William Horoszko (hereafter, "Plaintiff") is identified by the Debtors in their Amended Schedule E/F of the Debtor's schedules as being a creditor holding unsecured priority and nonpriority claims.

5. On February 18, 2024 (the "Petition Date"), Katherine C. Blomiquist[1] and Defendant Stephen A. Devereaux (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the bankruptcy code in the United States Bankruptcy Court, in the District of Idaho, under Case No. 24-40069-NGH.

## FACTUAL ALLEGATIONS

6. In 2009, Debtor requested that Plaintiff extend a loan to him in the sum of $115,000 for the purpose of purchasing his ex-spouse's interest in certain real property located at 14513 Biance Lane, Hinckley, DeKalb County, Illinois (the "Real Property") during divorce proceedings.

7. The parties were close personal friends and neighbors.

8. Plaintiff trusted the Debtor.

9. At the time of the loan, Debtor knew Plaintiff had money in a 401k account.

---

[1] This Adversary Complaint is against Stephen A. Devereaux only and not joint Debtor Katherine C. Blomquist.

**AMENDED ADVERSARY COMPLAINT** – Page 2

10. Debtor promised the Plaintiff that the loan would be repaid in full immediately upon the sale of the Real Property.

11. Neither party knew when the Real Property would be sold, but the Debtor promised to repay the loan when the Real Property was sold, which occurred on October 1, 2021.

12. At the time the loan was requested in 2009, Debtor represented to Plaintiff he would prepare paperwork to evidence Plaintiff's interest in the Real Property, or in other words, that the loan would be secured by the Real Property.

13. Debtor's representation that the loan would be secured was material, because Plaintiff would not have otherwise lent him the money.

14. On information and belief, Debtor never intended to create paperwork to secure the loan, and no paperwork was ever prepared.

15. Debtor intentionally represented that falsehood to Plaintiff to induce him into lending Debtor the $115,000 and to prevent Plaintiff from seeking further legal remedies to either properly secure the debt or enforce the debt.

16. The Plaintiff, to his detriment, reasonably relied on Plaintiff's intentional and knowingly false representations that the loan would be and was secured.

17. Based on Debtor's representations as set forth herein, Plaintiff agreed to loan Debtor the amount requested of $115,000 on the principal conditions that (i) the loan would accrue interest on the unpaid balance at a rate of 5% per annum; and (ii) that the loan would be secured by the Real Property and repaid immediately upon the sale of the Real Property. Defendant repeatedly promised Plaintiff that the loan was secured and would be repaid upon sale of the Real Property.

**AMENDED ADVERSARY COMPLAINT** – Page 3

18. Accordingly, in reliance upon Debtor's representations, on July 29, 2009, Plaintiff withdrew $115,000 (the "Loan") from his personal retirement account to extend the Loan

19. Between 2009 and 2021, Debtor repeatedly assured Plaintiff that "documentation" existed evidencing Plaintiff's interest in the Real Property and the Loan would be repaid in full upon the sale of the Real Property.

20. Due to Debtor's knowingly false statements, Plaintiff believed the loan was secured.

21. Although the Debtor had assured the Plaintiff he would be paid when the Real Property sold, he made no effort to advise the Plaintiff of the forthcoming sale of the Real Property.

**22.** When the Real Property sold on October 1, 2021, Debtor failed to make the payment under the Loan.

23. Upon sale of the Real Property and thereafter, Debtor has refused and failed and continues to refuse to repay the Loan.

24. When Plaintiff discovered the Real Property had sold, Plaintiff inquired with the Debtor as to when he would be paid.

25. Debtor represented to Plaintiff that there was money in escrow to repay Plaintiff by stating in a text message on February 12, 2022 that there is money "in the escrow Bill."

26. On information and belief, no money was ever placed into an escrow account to repay Plaintiff.

27. On information and belief, the Debtor knew that no money was placed in an escrow account for Plaintiff's benefit, and in representing the same to Plaintiff intended that Plaintiff would rely on the false statement and made the false statements to prevent the Plaintiff from pursuing his legal remedies to enforce the debt.

28. The Debtor's false representations regarding the loan being secured and that money was placed in escrow were part of Debtor's ongoing and intentional scheme to induce Plaintiff to loan him the $115,000 to which the Debtor never intended to repay.

29. Plaintiff reasonably relied, to his detriment, on Debtor's false representations that the sale proceeds were in an escrow account

30. Plaintiff filed suit against the Debtor seeking a money judgment for the amount of the Loan in the Circuit Court for the Twenty-Third Judicial Circuit De Kalb County, Illinois.

31. On the eve of trial in the Illinois case, the Debtor filed his Chapter 13 Bankruptcy Petition.

32. Debtors' Schedule E/F identifies Plaintiff's claim in the amount of $193,000.00 as an unsecured and disputed judgment. (Dkt. 1).

33. Because the Loan was obtained by false pretenses and false representations by the Debtor, the Debtor is not entitled to a discharge for the obligation he owes to Plaintiff.

## FIRST CAUSE OF ACTION

11 U.S.C. § 523(a)(2)(A))

34. The Plaintiff restates the allegations contained in paragraphs 1-31 above and incorporate the same by reference as if fully set forth herein.

35. Under 11 U.S.C. § 523(a)(2)(A), a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by…false pretenses, false representation or actual fraud…" is excepted from a discharge under 11 U.S.C. § 1328(b).

36. Debtor obtained a loan from Plaintiff under false pretenses representing that the Loan would be secured and repayment would occur upon sale of the Real Property.

**AMENDED ADVERSARY COMPLAINT** – Page 5

37. Debtor repeatedly made false representations to Plaintiff regarding documentation evidencing the loan and the method of repayment of the loan, including that the loan would be repaid upon the sale of the Real Property and that documentation existed evidencing Plaintiff's interest in the Real Property.

38. The Debtor's representations that the loan was secured and would be repaid upon the sale of the Real Property were material and false at the time they were made.

39. The Debtor knew the representations were false, he intended that Plaintiff would rely on the false representations in extending the Loan, and they were made to induce the Plaintiff to extend the Loan to Debtor.

40. In justifiable reliance upon Debtor's representations and without knowledge of their falsity, Plaintiff withdrew funds from his personal retirement account and transferred the proceeds to Debtor's bank account.

41. Plaintiff has suffered damages in the principal amount of $115,000.00 and accrued interest of $85,541.10, which interest continues to accrue at the rate of $15.75 per diem.

## **PRAYER FOR RELIEF**

Wherefore, the Plaintiff prays for judgment against the Debtor as follows:

A. Money Judgment in the sum of $200,541.10, comprised of the principal sum of $115,000.00 and accrued interest of $85,541.10 to June 10, 2024, which interest continues to accrue from said date at the rate of $15.75 per diem until entry of the judgment and thereafter at the highest lawful rate until paid;

B. That the Court enter an order that the debt owed by Debtor to Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

C. For such other and further relief as the Court deems just.

**AMENDED ADVERSARY COMPLAINT** – Page 6

DATED this 13th day of August, 2024.

                                      RACINE OLSON, PLLP

                                      By: /s/ Heidi Buck Morrison
                                           HEIDI BUCK MORRISON

**AMENDED ADVERSARY COMPLAINT** – Page 7

# EXHIBIT B

Daniel C. Green (ISB No.3213)
Heidi Buck Morrison (ISB No. 9396)
RACINE OLSON, PLLP
201 E. Center Street
P.O. Box 1391
Pocatello, Idaho 83204
Phone: (208) 232-6101
Fax: (208) 232-6109
dan@racineolson.com
heidi@racineolson.com

*Attorneys for William L. Horoszko*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>STEPHEN A. DEVEREAUX and KATHERINE C. BLOMQUIST,<br><br>Debtors. | Case No. 24-40069-NGH<br>(Chapter 13) |
| WILLIAM L. HOROSZKO<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN A. DEVEREAUX,<br><br>Defendant. | Adversary Case No. 24-08017-NGH |

**<u>AMENDED</u> ADVERSARY COMPLAINT**

COMES NOW, Plaintiff William L. Horoszko, by and through his attorney of record, Racine Olson, PLLP, and for his cause of action against the above-named Defendant, states and alleges as follows:

<u>AMENDED</u> ADVERSARY COMPLAINT – Page 1

## JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) and 11 U.S.C. § 523(a)(2), (4) and (6).

2. This proceeding is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(I).

3. Venue in this District is proper pursuant to 28 U.S.C. § 1408.

## PARTIES

4. William Horoszko (hereafter, "Plaintiff") is identified by the Debtors in their Amended Schedule E/F of the Debtor's schedules as being a creditor holding unsecured priority and nonpriority claims.

5. On February 18, 2024 (the "Petition Date"), Katherine C. Blomiquist[1] and Defendant Stephen A. Devereaux (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the bankruptcy code in the United States Bankruptcy Court, in the District of Idaho, under Case No. 24-40069-NGH.

## FACTUAL ALLEGATIONS

6. In 2009, Debtor requested that Plaintiff extend a loan to him in the sum of $115,000 ~~and~~ for the purpose of purchasing his ex-spouse's interest in certain real property located at 14513 Biance Lane, Hinckley, DeKalb County, Illinois (the "Real Property") during divorce proceedings.

7. The parties were close personal friends and neighbors.

8. Plaintiff trusted the Debtor.

~~7.~~ At the time of the loan, Debtor knew Plaintiff had money in a 401k account.

9. 

---

[1] This Adversary Complaint is against Stephen A. Devereaux only and not joint Debtor Katherine C. Blomquist.

**AMENDED ADVERSARY COMPLAINT** – Page 2

10. ~~7.~~ Debtor promised~~assured~~ the Plaintiff that the loan would be repaid in full immediately upon the sale of the Real Property.

11. Neither party knew when the Real Property would be sold, but the Debtor promised to repay the loan when the Real Property was sold, which occurred on October 1, 2021.

12. At the time the loan was requested in 2009, Debtor represented to Plaintiff he would prepare paperwork to evidence Plaintiff's interest in the Real Property, or in other words, that the loan would be secured by the Real Property.

13. Debtor's representation that the loan would be secured was material, because Plaintiff would not have otherwise lent him the money.

14. On information and belief, Debtor never intended to create paperwork to secure the loan, and no paperwork was ever prepared.

15. Debtor intentionally represented that falsehood to Plaintiff to induce him into lending Debtor the $115,000 and to prevent Plaintiff from seeking further legal remedies to either properly secure the debt or enforce the debt.

16. The Plaintiff, to his detriment, reasonably relied on Plaintiff's intentional and knowingly false representations that the loan would be and was secured.

~~8.~~

~~8.~~  ~~8.~~  Based on Debtor's representations as set forth herein, Plaintiff agreed to loan Debtor the amount requested of $115,000 on the principal conditions that (i) the loan would accrue interest on the unpaid balance at a rate of 5% per annum; and (ii) that the loan would be secured by the Real Property and repaid immediately upon the sale of the Real Property. Defendant repeatedly promised Plaintiff that the loan was secured and would be repaid upon sale of the Real P~~p~~roperty.

17.

**AMENDED** ADVERSARY COMPLAINT – Page 3

~~9.~~ ~~9.~~ Accordingly, in reliance upon Debtor's representations, on July 29, 2009, Plaintiff withdrew $115,000 (the "Loan") from his personal retirement account to extend the Loan~~.~~

18.

~~10.~~ ~~10.~~ Between 2009 and 2021, Debtor repeatedly assured Plaintiff that "documentation" existed evidencing Plaintiff's interest in the Real Property and the Loan would be repaid in full upon the sale of the Real Property.~~.~~

19.

20. Due to Debtor's knowingly false statements, Plaintiff believed the loan was secured.

21. Although the Debtor had assured the Plaintiff he would be paid when the Real Property sold, he made no effort to advise the Plaintiff of the forthcoming sale of the Real Property.

~~11.~~ When the Real Property sold on October 1, 2021, ~~11.~~ Debtor failed ~~failed to make any~~ to make the payment under the Loan. ~~payments on the Loan to Plaintiff.~~

~~12.~~ ~~12.~~ ~~On October 1, 2021, Debtor sold the Real Property.~~

**22.**

23. ~~13.~~ Upon sale of the Real Property and thereafter, Debtor has refused and failed and continues to refuse to repay the Loan.

~~13.~~ When Plaintiff discovered the

24. Real Property had sold, Plaintiff inquired with the Debtor as to when he would be paid.

25. Debtor represented to Plaintiff that there was money in escrow to repay Plaintiff by stating in a text message on February 12, 2022 that there is money "in the escrow Bill."

**AMENDED ADVERSARY COMPLAINT** – Page 4

26. On information and belief, no money was ever placed into an escrow account to repay Plaintiff.

27. On information and belief, the Debtor knew that no money was placed in an escrow account for Plaintiff's benefit, and in representing the same to Plaintiff intended that Plaintiff would rely on the false statement and made the false statements to prevent the Plaintiff from pursuing his legal remedies to enforce the debt.

28. The Debtor's false representations regarding the loan being secured and that money was placed in escrow were part of Debtor's ongoing and intentional scheme to induce Plaintiff to loan him the $115,000 to which the Debtor never intended to repay.

29. Plaintiff reasonably relied, to his detriment, on Debtor's false representations that the sale proceeds were in an escrow account

~~14.    14.    On February 12, 2022, Debtor responded to Plaintiff's inquiry about the status of the sale of the Real Property and repayment of the Loan by stating to Plaintiff that there was an amount set aside for Plaintiff "in the escrow Bill."~~

~~15.~~ Plaintiff filed suit against the Debtor seeking a money judgment for the amount of the Loan in the Circuit Court for the Twenty-Third Judicial Circuit De Kalb County, Illinois.

30.

~~16.~~ On the eve of trial in the Illinois case, the Debtor filed his Chapter 13 Bankruptcy Petition.

31.

~~17.~~ Debtors' Schedule E/F identifies Plaintiff's claim in the amount of $193,000.00 as an unsecured and disputed judgment. (Dkt. 1).

32.

**AMENDED ADVERSARY COMPLAINT** – Page 5

~~15.~~ Because the Loan was obtained by false pretenses and false representations by the Debtor, t~~T~~he Debtor is not entitled to a discharge for the obligation he owes to Plaintiff.

33.

### FIRST CAUSE OF ACTION

11 U(~~11 U~~.S.C. § 523(a)(2)(A))

~~16.~~34. The Plaintiff restates the allegations contained in paragraphs 1-31~~18~~ above and incorporate the same by reference as if fully set forth herein.

~~17.~~35. Under 11 U.S.C. § 523(a)(2)(A), a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by…false pretenses, false representation or actual fraud…" is excepted from a discharge under 11 U.S.C. § 1328(b).

~~18.~~36. Debtor obtained a loan from Plaintiff under false pretenses representing that the Loan would be secured and repayment would occur upon sale of the Real Property.

37. Debtor repeatedly made false representations to Plaintiff regarding documentation evidencing the loan and the method of repayment of the loan, including that the loan would be repaid upon the sale of the Real Property and that documentation existed evidencing Plaintiff's interest in the Real Property.

38. The Debtor's representations that the loan was secured and would be repaid upon the sale of the Real Property were material and false at the time they were made.

39. The Debtor knew the representations were false, he intended that Plaintiff would rely on the false representations in extending the Loan, and they were made to induce the Plaintiff to extend the Loan to Debtor.

AMENDED ADVERSARY COMPLAINT – Page 6

~~19.~~

~~20.~~40. In justifiable reliance upon Debtor's representations and without knowledge of their falsity, Plaintiff withdrew funds from his personal retirement account and transferred the proceeds to Debtor's bank account.

~~21.~~41. Plaintiff has suffered damages in the principal amount of $115,000.00 and accrued interest of $85,541.10, which interest continues to accrue at the rate of $15.75 per diem.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff prays for judgment against the Debtor as follows:

A. Money Judgment in the sum of $200,541.10, comprised of the principal sum of $115,000.00 and accrued interest of $85,541.10 to June 10, 2024, which interest continues to accrue from said date at the rate of $15.75 per diem until entry of the judgment and thereafter at the highest lawful rate until paid;

B. That the Court enter an order that the debt owed by Debtor to Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

C. For such other and further relief as the Court deems just.

DATED this 10th day of August, 2024.

RACINE OLSON, PLLP


By: /s/ Heidi Buck Morrison
    HEIDI BUCK MORRISON

AMENDED ADVERSARY COMPLAINT – Page 7